UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Altura Communication Systems, LLC,

Plaintiff,

v.

Ardent Partners, Inc.,

Defendant.

Court File No. 02-292 (RHK/~~JMM~~ AJB)

**STIPULATED PROTECTIVE ORDER**

---

IT IS HEREBY ORDERED AS FOLLOWS:

1. **AGREEMENT.**

In accordance with the provisions of this Stipulated Protective Order, the parties shall permit the other party's attorneys, and expert consultants, to inspect documents and things which contain confidential information, trade secrets, or both.

2. **DEFINITIONS.**

A. "Attorneys" are counsel of record, including members of counsel's legal, paralegal, secretarial, or clerical staff.

B. "Expert consultants" are individuals who are recognized by his or her peers as an authority in his or her particular field. The expert consultant is one who is retained by the attorneys of the parties to furnish technical or expert services with respect to the subject matter of this litigation and, if designated, as an expert witness to provide testimony at time of trial. The consultant has no direct or indirect financial or other interest in the outcome of the litigation.

(1) The term "expert consultant" **does not** include a person who is or has been any of the following: an employee, consultant

JUN 18 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

to or otherwise contractually related to, or having a business relationship with, any party, or a competitor of any party. An "expert consultant" also does not include anyone associated with the parties' marketplace, a possible purchaser of some portion of any parties' business, or a potential customer.

C. "Confidential material" shall mean all information, documents, materials and tangible items designated by any producing party to be confidential, including without limitation, written discovery, deposition transcripts, and documents, data or other information furnished during the course of this action.

D. "Highly Confidential material" shall mean all information, documents, materials and tangible items designated by any producing party to be highly confidential, including without limitation, written discovery, deposition transcripts, and documents, data or other information furnished during the course of this action.

3. **DESIGNATION OF CONFIDENTIAL INFORMATION.**

A. Each party shall designate any material it deems to be confidential in the following manner:

(1) By stamping all documents with the designation "Confidential."

(2) By imprinting the designation "Confidential" next to each answer to interrogatory, response to deposition upon written question, or response to request for admission.

(3) All deposition transcripts shall be confidential for a period of ten (10) days after receipt of the transcript from the court reporter; thereafter, only such portions of a transcript as are

affirmatively designated in writing by a party to be confidential shall be treated as confidential. The party designating a portion of a deposition transcript as confidential shall provide written notice to all parties by listing the page and inclusive line numbers of the material to be kept confidential. In any deposition transcript in which any portion of the transcript has been designated confidential by any party, the court reporter, or the party holding the original transcript, shall imprint the word "Confidential:" on the front page of the original of the deposition transcript. A deposition containing confidential information shall not be filed with the court unless placed in a sealed envelope bearing the designation hereinafter provided for in Paragraph IV of this Stipulation.

(4) By describing in writing and in sufficient detail any non-written materials and by providing written notice to all other parties that such non-written material shall be kept confidential.

(5) By affixing to the canister or cassette of all videotapes and audiotapes the designation "Confidential."

B. Each party may designate any material that it deems to be highly confidential in the following manner:

(1) By stamping all documents with the designation "Attorneys Eyes Only."

(2) By imprinting the designation "Attorneys Eyes Only" next to each answer to interrogatory, response to deposition upon written question, or response to request for admission.

(3) The party designating a portion of a deposition transcript as highly confidential shall provide written notice to all parties by listing the page and inclusive line numbers of the material to be kept confidential. In any deposition transcript in which any portion of the transcript has been designated highly confidential by any party, the court reporter, or the party holding the original transcript, shall imprint the word "Attorneys Eyes Only" on the front page of the original of the deposition transcript. A deposition containing highly confidential information shall not be filed with the court unless placed in a sealed envelope bearing the designation hereinafter provided for in Paragraph IV of this Stipulation.

(4) By describing in writing and in sufficient detail any non-written materials and by providing written notice to all other parties that such non-written material shall be kept highly confidential.

(5) By affixing to the canister or cassette of all videotapes and audiotapes the designation "Attorneys Eyes Only"

4. **PROTECTION AFFORDED CONFIDENTIAL INFORMATION.**

Any document or thing designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (as well as the material and/or data contained therein) shall remain confidential and shall be used solely for the purpose of this litigation. Neither party, their attorneys nor expert consultants shall, either directly or indirectly, transfer or disclose any other party's documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." These restrictions apply equally to copies of confidential or highly confidential documents. Neither party, its attorneys, or expert consultants may

communicate any of the data or information contained in confidential or highly confidential documents to any person other than those specified pursuant to Paragraphs 5 and 6. Any information or document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be used by the receiver of the document or information for any business or competitive purpose or function. Counsel receiving confidential or highly confidential information shall take reasonable steps to maintain its confidentiality, including, but not limited to:

A. The parties shall refrain from referring in open court to the data and information contained in the documents or materials marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" without first discussing the disclosure in chambers with the trial judge regarding the proposed disclosure.

B. The parties shall refrain from referring to or eliciting testimony in open court concerning confidential information, documents or materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" without first discussing the disclosure in chambers with the trial judge regarding the proposed disclosure.

C. All documents and all tangible things hereafter produced by any party (other than pleadings filed in this action) and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIIAL" shall not be made a part of the public record herein and shall be returned to the respective party promptly within at least than thirty (30) days upon completion of this litigation.

D. All portions of all pleadings, motions, briefs, memoranda, other documents or things filed with the Court purporting to reproduce or paraphrase confidential information, as well as the entire transcript of every deposition and other trial testimony and all exhibits,

answers to interrogatories, responses to requests for production of documents, and responses to requests for admissions filed with the Court shall be filed in sealed envelopes or otherwise appropriate sealed containers on which shall be endorsed the title of this action, and an indication of the nature and contents of such sealed envelope or other container, the words "CONFIDENTIAL-PROTECTIVE ORDER" or the like and a statement substantially in the following form:

> THIS ENVELOPE CONTAINS A DEPOSITION TRANSCRIPT, DOCUMENTS OR INFORMATION WHICH HAS BEEN DESIGNATED AS CONFIDENTIAL AND IS NOT TO BE OPENED AND ITS CONTENTS ARE NOT TO BE DISCLOSED TO ANY PERSON OTHER THAN THE COURT OR ITS CLERKS EXCEPT BY ORDER OF THE COURT, OR UPON THE STIPULATION OF THE PARTIES.

The fact that the entire transcript, answers or response is filed under seal shall not thereby restrict any use which may be made of any part of such transcript, answers or response not designated as confidential.

5. **<u>PERSONS WITH ACCESS TO CONFIDENTIAL INFORMATION.</u>**

A. Access to Confidential documents and things (any the materials contained in them) shall be limited to the Court, its officers, the parties, and the attorneys for the parties. Expert consultants allowed to review only those confidential documents or things which are relevant to their specific field of expertise.

B. Access to Highly Confidential documents and things (any the materials contained in them) shall be limited to the Court, its officers, and the attorneys for the

parties. Expert consultants allowed to review only those highly confidential documents or things which are relevant to their specific field of expertise.

6. **EXECUTION OF WRITTEN ASSURANCES.**

Each of the parties , and expert consultants designated to receive confidential information, shall execute a "WRITTEN ASSURANCE" in the form attached as Exhibit A. Expert consultants shall be identified to counsel for the party which has designated such information as confidential at least ten (10) days prior to disclosure of any documents or things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If a party objects to disclosure to such outside expert consultants, it shall notify the designating party in a similar manner within the ten (10) day time period after receiving notice and shall move the Court within seven (7) days thereafter for a ruling on whether "CONFIDENTIAL" information may be so disclosed. If a party objects, no disclosure shall be made without prior approval of the Court or the party. The party seeking disclosure to expert consultants shall have the burden of establishing the need for disclosure of documents or things designated as "CONFIDENTIAL" under the terms of this stipulated Protective Order.

7. **OBJECTIONS TO DESIGNATION OF CONFIDENTIAL INFORMATION.**

Any party may object to the designation by any other party of any material as confidential or highly confidential by notifying the party that designated the material as confidential or highly confidential in writing and stating the basis for its objection. If the parties thereafter are unable to resolve the matter, it shall be submitted to the Court for resolution. The party claiming the material in question is confidential or highly confidential shall bear the burden of proof on that issue. Pending resolution by the

Court, all materials designated by a party to be confidential or highly confidential shall be treated as confidential or highly confidential.

8. **RETURN OF CONFIDENTIAL INFORMATION.**

Within thirty (30) days after the completion of this litigation, each party shall return to the opposing party all confidential documents and materials (including any copies) and shall destroy all extracts and/or data taken from such documents. Along with the materials returned, each party should furnish a certification that it has fully complied.

9. **NO ADMISSION OF CONFIDENTIALITY.**

This stipulation shall not be construed as an admission by any party that any material designated confidential is actually entitled to confidential treatment pursuant to Minn. R. Civ. P. 26.03.

10. **INFORMATION ACQUIRED INDEPENDENTLY.**

Nothing in this stipulation shall impose any restrictions on any party with respect to information, documents, materials and/or tangible items the party may have or may acquire independently of another party's response to discovery requests. Notwithstanding the foregoing, to the extent that any party produces documents which the other party considers to be as confidential, the producing party agrees to treat those documents as confidential pursuant to this Stipulation upon notice from the other party. Nor shall this stipulation limit the use of matters in the public record. This stipulation shall not be construed to prohibit any party from contacting any person merely because the person's identity is disclosed in a document or material designated by a party as confidential.

11. **NO WAIVER OF A RIGHT TO OBJECT.**

Nothing in this Stipulation and Order shall be construed as a waiver of the right of any party to object to the production of documents on the grounds of privilege, or on other grounds not related to the confidentiality of the documents being produced.

12. **MODIFICATION.**

Any party for good cause shown may apply to the Court for a modification of this Stipulated Protective Order. The party requesting such modification shall have the burden of proving that the requested modification is necessary or in the interest of justice.

13. **TERM.**

This Stipulated Protective Order shall survive the termination of this legal action.

IT IS HEREBY STIPULATED AND AGREED.

DATED: 6-6-2002

Garrett Weber

Steven D. Kelley
Garrett M. Weber
**Lindquist & Vennum**
4200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402:
***Attorneys for Plaintiff***

DATED:

Gary W. Hoch

Gary W. Hoch (ID#
**MEAGHER & GEER, P.L.L.P.**
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, **MN** 55402

Telephone: (612) 338-0661

**Attorneys for Defendant**

IT IS HEREBY ORDERED:

~~John M. Mason~~ Arthur J. Boylan
U.S. Magistrate Judge

Dated this 17 day of June, 2002.

**EXHIBIT A**

**WRITTEN ASSURANCE**

I ______________________________________ declare that:

I reside at ___________________________________ in the city of

_______________________, county of __________________________ , state of

__________________________ ;

I am currently employed by _____________________________________ located at

_____________________________________________________ and my current job title is

_____________________________. I have read the Stipulation and Protective Order dated

________________ and of record in Civil Action No. No. [sic] 02-292 (RHK/JMM) pending

If other than attorneys or the parties:

My area of expertise is ___________________________________________________

The subject matter of the documents that I will be reviewing are the following:

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

I agree to comply with and be bound by the provisions of said Stipulation and Protective Order and to be subject to the jurisdiction of United States District Court, District of Minnesota for purposes of enforcing the terms thereof.

I will not divulge to persons other than those specifically authorized by said Stipulation and Protective Order, and will not duplicate except for the purposes of that Civil Action, any

documents or things as designated "CONFIDENTIAL" obtained pursuant to said Stipulation and Protective Order.

I submit myself to the jurisdiction of the United States District Court, District Court of Minnesota for the purposes of enforcing, modifying or seeking other relief under the Protective Order.

During the pendency and after final termination of this legal action, I will hold in confidence and not disclose any information designated as confidential to anyone not qualified under said Stipulation and Protective Order.

I will not use documents or information for any purpose or function other than as they relate to this litigation.

As soon as practical, but no later than twenty (20) days after final termination of this legal action, I will return to trial counsel, from whom I have received same, all documents and things containing confidential information, including, without limitation, all copies, excerpts, summaries, notes, digests, abstracts and indices related thereto, which have come into my possession, custody or control and all documents and things which I have prepared relating thereto.

I realize that any violation of said Stipulation and Protective Order may subject me to sanctions by the Court, including punishment for civil contempt.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __________ day of ______________________2002.

STATE OF )
) SS.
COUNTY OF )

Subscribed and sworn to before me
this _______day of ________, 2002

________________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 8/10/01